UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD RAY HENRY,<br><br>                Petitioner,<br><br>v.<br><br>TEREMA CARLIN,<br><br>                Respondent. | Case No. 3:16-cv-00447-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Ronald Ray Henry ("Petitioner"), challenging Petitioner's Kootenai County convictions of burglary, grant theft, and rape. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations and that the claims in the Petition are procedurally defaulted. (Dkt. 12.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.) *See* Fed. R. Evid. 201; *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

**MEMORANDUM DECISION AND ORDER - 1**

and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice because the claims in the Petition are untimely and procedurally defaulted.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Henry*, Docket No. 33116, Op. 326 (Idaho Ct. App. Jan. 17, 2008) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

In a jury trial in the First Judicial District in Kootenai County, Idaho, Petitioner was convicted of rape, burglary, grand theft, and false imprisonment. (State's Lodging B-4 at 1.) He received a unified sentence of 25 years in prison with 6½ years fixed. (State's Lodging A-1 at 174.)

On direct appeal, Petitioner argued that (1) the trial court abused its discretion by allowing an officer to testify that his observations of the victim were consistent with being under the influence of a controlled substance, (2) the prosecutor committed misconduct during closing argument by speculating that Petitioner might have placed a date-rape drug in the victim's drink, and (3) that these two errors cumulatively denied Petitioner a fair trial. (State's Lodging B-1.) The Idaho Court of Appeals affirmed the convictions. (State's Lodging B-4.) That court denied a petition for rehearing, and the

Idaho Supreme Court denied review on July 15, 2008. (State's Lodging B-7, B-10.) The remittitur was issued the next day. (State's Lodging B-11.)

On August 12, 2008, at the earliest,[1] Petitioner filed and a petition for state post-conviction relief under the same case number as his initial petition, later amending the successive petition with the assistance of counsel to assert claims of prosecutorial misconduct and ineffective assistance of counsel. (State's Lodging C-1 at 1-4, 13-16, 22-25.) The trial court summarily dismissed the petition. (*Id.* at 29-35.)

Petitioner appealed the dismissal of his post-conviction petition, but later moved to voluntarily dismiss the appeal. (State's Lodging D-6.) The Motion was granted, the appeal dismissed, and the remittitur issued on January 3, 2013. (State's Lodging D-8.)

While Petitioner's initial post-conviction petition was still on appeal, Petitioner filed a successive post-conviction petition. (State's Lodging F-1 at 3-7.) The trial court dismissed the petition, stating that it was "merely a repeat of [Petitioner's] original petition," did "not set forth any new grounds," and was "filed more than one year after the final determination of the petitioner's appeal in his criminal case." (State's Lodging F-3 at 5.) Petitioner appealed, but the Idaho Supreme Court conditionally dismissed the appeal as (1) not an appeal from a final order, (2) frivolous, and (3) was not accompanied by the fee for preparation of the clerk's record. (*Id.* at 7.) When Petitioner failed to

---

[1]  Idaho courts follow the prison mailbox rule and deem a pro se inmate's postconviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

**MEMORANDUM DECISION AND ORDER - 3**

respond to that order, the court dismissed the appeal. (*Id*. at 9.) The remittitur was issued on June 13, 2013. (*Id*. at 10.)

On October 22, 2013, Petitioner filed—again under the same case number as his initial petition—a motion for leave to file a second successive petition, which was construed by the Idaho district court as such a petition. (*Id*. at 11-36; State's Lodging E-3 at 16.) The court dismissed the second successive petition because it did not "raise any new issues" that "were not, or could not have been, raised in his prior petitions for post-conviction relief, or could not have been raised during the petitioner's [direct] appeal of his criminal conviction." (*Id*. at 14, 16.)

Petitioner appealed the dismissal of the second successive petition. The Idaho Court of Appeals affirmed for two reasons. First, the court declined to address Petitioner's claims because Petitioner had "provided no evidence supporting his claims, nor did he provide a statement explaining why such supporting evidence was not included with his petition." (State's Lodging F-8 at 2-3.) Second, the court stated that, even if it were to review Petitioner's claims, those claims were all "barred because they were either raised on direct appeal, were raised in a prior petition for post-conviction relief, or could have been previously raised." (*Id*. at 2 n.1.) The Idaho Court of Appeals denied Petitioner's petition for rehearing, and the Idaho Supreme Court denied review. (State's Lodging F-11, F-14.) The remittitur issued on November 19, 2015. (State's Lodging F-15.)

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner filed his Petition in this Court, at the earliest, on October 4, 2016.[2] The Petition asserts the following claims: (1) the victim testified falsely; (2) the prosecution withheld exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), when a detective was permitted to sit through the trial and testify at the close of the state's case, which purportedly allowed the detective, along with the prosecutor, to "craft[] [that] testimony and police reports to fill in all of the missing parts and perjury"; (3) the state improperly destroyed the rape kit in violation of *California v. Trombetta*, 467 U.S. 479 (1984); (4) the prosecutor committed misconduct by allowing the victim Alisha to provide known false testimony; and (5) Petitioner received ineffective assistance of trial counsel when counsel (a) failed to impeach the witnesses, (b) did "hardly anything to assist in defending the petitioner," (c) failed to adequately communicate with Petitioner, (d) "came up with a weak defense as we went along at trial," and (e) allowed the victim "to say whatever she wanted, and failed to call a perjury case against her."[3] (Dkt. 3 at 8-14.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 6 at 2.)

---

[2] *See* Habeas Rule 3(d); *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the prison mailbox rule, a legal document is deemed filed in federal court on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

[3] Respondent has construed Petitioner's claims in this manner (*see* Dkt. 12-1 at 5), the Court agrees with this construction, and Petitioner has not objected to this construction.

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1. **The Petition is Barred by the Statute of Limitations**

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. Because Petitioner (1) is entitled to statutory tolling of only part of the statute of limitations period, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court concludes that the Petition is untimely.

   A. *Statute of Limitations Standards of Law*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually

---

[4] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

means 366 days—for example, from January 1, 2010, to January 1, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 7**

| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |
|---|---|

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 150-51 (2012); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final

**MEMORANDUM DECISION AND ORDER - 8**

decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001) (per curiam), *superseded by* Cal. Rule of Court 8.532(b)(2)(C)) *as stated in Korolev v. Horel*, 386 F. App'x 594 (9th Cir. July 2, 2010) (unpublished)). Under Idaho law, an appellate case remains pending until a remittitur is issued, *see Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001), and so, for federal statute of limitations purposes, a collateral relief application in Idaho is deemed "pending" through the date of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

"Pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Further, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed. Finally, to qualify for statutory tolling, the collateral relief application must be

"properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that equitable tolling should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

A petitioner requesting equitable tolling must show "reasonable diligence, not "maximum feasible diligence," *id*. at 653, and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "Ordinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition." *Id.* at 656.

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in

this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)) (alterations omitted)).

B.  *Petitioner's Convictions Became Final on October 13, 2008*

Because Petitioner did not file a petition for certiorari with the United States Supreme Court, his convictions became final on October 13, 2008, 90 days after the Idaho Supreme Court denied the petition for review of the decision of the Idaho Court of Appeals on July 15, 2008. *See* U.S.S.Ct. Rule 13.

C.  *With Statutory Tolling, the Petition Was Due on Monday, July 11, 2016*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner filed his initial state post-conviction petition prior to the date Petitioner's convictions became final, the limitations period was tolled until the date the initial post-conviction proceedings were concluded—on January 3, 2013, the date of the issuance of the remittitur in Petitioner's initial post-conviction action.

**MEMORANDUM DECISION AND ORDER - 11**

The statute of limitations ordinarily would have been triggered to begin to run on that date, but, because Petitioner's successive petition was filed before the issuance of the remittitur in the initial post-conviction proceedings, the statute of limitations remained tolled until June 13, 2013, the date of the issuance of the remittitur in Petitioner's successive post-conviction proceedings.[5]

The statute began to run on that date and continued to run until October 22, 2013, when Petitioner initiated a second successive post-conviction action. Therefore, by the time Petitioner filed his second successive petition, 131 days of the limitations period had already passed, as there were 131 days between June 13 and October 22, 2013.

The second successive post-conviction proceedings continued until November 19, 2015, when the Idaho Supreme Court issued its remittitur. *See Allen*, 295 F.3d at 1046; *Jakoski*, 32 P.3d at 679. The limitations period restarted on that date, and Petitioner then had 235 days remaining within which to file his federal petition (366 days minus 131 days).

Therefore, Petitioner's federal Petition was due in this Court on or before July 11, 2016 (235 days after November 19, 2015). Because Petitioner did not file the Petition until October 4, 2016, the Petition was filed nearly three months too late, even with statutory tolling.

---

[5] Although the state district court dismissed the successive petition in part because it was untimely, it does not appear that the Idaho Supreme Court dismissed the appeal on that ground. Therefore, the Court assumes for purposes of this decision that Petitioner's successive petition was timely and, therefore, "properly filed." *See* 28 U.S.C. § 2244(d)(2).

**MEMORANDUM DECISION AND ORDER - 12**

### D. Petitioner Is Not Entitled to Equitable Tolling Sufficient to Render the Petition Timely

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner asserts that he has "no access to legal help, case law, or knowledge of the law" (Dkt. 14 at 2), but this is true with respect to nearly all pro se habeas petitioners. Such a circumstance is not "extraordinary." Further, even assuming the truth of Petitioner's allegations, Petitioner has not explained how his lack of access to any additional legal resources actually "prevented [a] timely filing." *Holland*, 560 U.S. at 649. Petitioner simply has not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

**MEMORANDUM DECISION AND ORDER - 13**

### E. Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing

To take advantage of the actual innocence gateway exception to the statute of limitations, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated another way, a petitioner must show that *every* reasonable juror would vote to acquit.

This is an extremely stringent standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not submitted any new, credible evidence that he is actually innocent and, therefore, is not entitled to application of the miscarriage of justice exception to the statute of limitations.

For the foregoing reasons, the claims in the Petition are untimely.

**MEMORANDUM DECISION AND ORDER - 14**

## 2. Petitioner's Claims Are Subject to Dismissal as Procedurally Defaulted

Respondent also argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

### A. *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court

by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

For a state rule to qualify as an adequate procedural ground, that rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . .

is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

### B. *Petitioner's Claims Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

During Petitioner's direct appeal, he argued that an officer improperly testified regarding the victim's potential intoxication, that the prosecutor improperly commented that Petitioner might have slipped something into the victim's drink, and that these two

errors, cumulatively, violated Petitioner's right to a fair trial. (State's Lodging B-1.) Petitioner has not raised any of these claims in the instant Petitioner.

No claims were fairly presented during the appeal of the dismissal of Petitioner's initial post-conviction proceedings because he voluntarily dismissed that appeal. (State's Lodging D-6.)

With respect to Petitioner's first successive post-conviction petition, the Idaho Supreme Court dismissed the appeal because Petitioner failed to respond to that court's conditional dismissal order noting that the appeal appeared frivolous, was not accompanied by the record preparation fee, and was not from a final order or judgment. (State's Lodging F-3 at 7-9.) Petitioner has not disputed that requiring a response to an order conditionally dismissing an appeal—or requiring that an appeal be taken from a final order or requiring a record preparation fee—is an independent and adequate state procedural ground. Therefore, no claims were fairly presented during Petitioner's first successive post-conviction appeal.

Finally, on appeal from the dismissal of Petitioner's second successive post-conviction petition, the Idaho Court of Appeals declined to address the merits of Petitioner's claims on several grounds: (1) Petitioner had not complied with the requirement that a post-conviction petition be accompanied by admissible evidence, such as a notarized petition; and (2) all of Petitioner's claims "were either raised on direct appeal, were raised in a prior petition for post-conviction relief, or could have been previously raised." (State's Lodging F-8 at 2-3 and n.1.) Petitioner does not contend that

**MEMORANDUM DECISION AND ORDER - 18**

these procedural rules, set forth Idaho state statutes,[6] are inadequate or dependent on federal law. Thus, none of Petitioner's claims were fairly presented to the highest state court during Petitioner's second successive post-conviction proceedings.

For these reasons, all of Petitioner's claims are procedurally defaulted.

### C. *Petitioner Has Not Shown Cause and Prejudice to Excuse the Procedural Default of His Claims*

The conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner shows adequate legal cause for the default and prejudice arising from the default.[7] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). An assertion of cause and prejudice is not an independent constitutional claim; rather, it is federal *procedural* argument that, if sufficiently established by a petitioner, allows a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner does not contend that cause and prejudice excuse the default of his claims, and the Court has found nothing in Petitioner's filings from which it could infer such cause and prejudice. Therefore, Petitioner's claims are subject to dismissal.

---

[6] Idaho Code § 19-4902(a) provides, "Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct." Section 19-4901(b) states, "Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings." Finally, § 19-4908 provides that "[a]ll grounds for relief available to an applicant under this act must be raised in his original . . . application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application . . . ."

[7] There is also an actual innocence exception to procedural default. *See Schlup*, 513 U.S. at 329; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, for the reasons set forth above with respect to the statute of limitations, Petitioner has also not established actual innocence so as to excuse the procedural default of his claims.

**MEMORANDUM DECISION AND ORDER - 19**

## CONCLUSION

For the reasons set forth above, all of Petitioner's claims must be dismissed as untimely and procedurally defaulted.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 2, 2018

Edward J. Lodge
United States District Judge